UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO.: 5:08CV-134-M

REGIONS BANK                                                                                    PLAINTIFF

v.

AMERICAN JUSTICE SCHOOL
OF LAW, INC., et al.                                                                        DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court upon its own motion [DN 19] wherein the Court requested

that the parties brief whether the so-called "forum defendant rule" deprives the Court of subject

matter jurisdiction.  Also before the Court is a motion by the defendant, Thomas L. Osborne, to

amend his notice of removal to include a federal question [DN 23].  These matters now stand

submitted.

## I.  INTRODUCTION

On August 13, 2008, plaintiff, Regions Bank, filed suit in Kentucky state court alleging that

the defendants, American Justice School of Law, Inc. and its successor in interest Barkley School

of Law, Inc., defaulted on a promissory note in the amount of $423,892.92 plus interest and

penalties.  In its complaint, the plaintiff also named various individual defendants who guaranteed

the promissory note in question.  On August 22, 2008, defendants, Barkley School of Law, Inc. and

Thomas L. Osborne, removed the action to this Court asserting that there is complete diversity

between the parties and that the amount in controversy exceeds $75,000.  It appears to the Court that

the parties are completely diverse and that the amount in controversy requirement has been satisfied.

However, various defendants, including the American Justice School of Law, Inc., Thomas Osborne,

and Wayne Shelton are citizens of Kentucky, the forum state.

28 U.S.C. § 1441(b) permits a defendant to remove a case from state court based upon diversity of citizenship "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This is commonly referred to as the "forum defendant rule." As discussed, several defendants are citizens of Kentucky, the forum state, and therefore the action was not properly removed. However, the plaintiff has raised no objection to the removal and it did not respond to the Court's invitation to brief the matter. If removal of this action was merely a procedural defect, then the plaintiff has waived the defect by not bringing a motion to remand within 30 days following removal. 28 U.S.C. § 1447(c) (providing that a motion to remand based on a procedural defect "must be made within 30 days after the filing of the notice of removal"); Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995) (holding that "§ 1447(c) does not authorize sua sponte remands for purely procedural defects."). However, if this deficiency is deemed jurisdictional, the Court is obligated to remand this matter back to state court. Id. ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Probus v. Charter Commc'ns, LLC, 234 F. App'x 404, 406 (6th Cir. 2007) (unpublished) ("[c]ourts must examine subject matter jurisdiction 'on their own initiative.'"). Therefore, the issue before the Court is whether the forum defendant rule is procedural or jurisdictional.

## II. DISCUSSION

Many Circuits have addressed this issue and most have held that the forum defendant rule is procedural and is waived if not raised by the plaintiff within 30 days following removal. 16 Moore's Federal Practice §107.14[2][e] n.81 (Matthew Bender 3d ed.) (collecting cases). Most of

these Circuits have interpreted various Sixth Circuit precedent as likewise holding that the forum defendant rule is procedural.  See, e.g., Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 940 (9th Cir. 2006) (citing Handley-Mack Co. v. Godchaux Sugar Co., 2 F.2d 435, 437 (6th Cir. 1924) for the proposition that the forum defendant rule is procedural); Farm Constr. Servs., Inc. v. Fudge, 831 F.2d 18, 22 (1st Cir. 1987) (same); Korea Exch. Bank v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995) (same); Hurley v. Motor Coach Indus., Inc., 222 F.3d 377, 379 (7th Cir. 2000) (same).  These Courts have also relied upon Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699 (1972) to find that the forum defendant rule is procedural.  According to Moore's, the Eighth Circuit is the lone Circuit that has held that the forum defendant rule is jurisdictional.  See Hurt v. Dow Chem. Co., 963 F.2d 1142, 1144-1145 (8th Cir. 1992); Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005).  However, the case of Thompson v. Karr, 182 F.3d 918 (table), 1999 WL 519297 (6th Cir. 1999), makes this Court question whether the Sixth Circuit actually holds to the proposition that the forum defendant rule is procedural.

In Thompson, a panel of the Sixth Circuit addressed the issue of jurisdiction in a case which had been improperly removed by a forum defendant.  Neither party raised the issue.  The panel did not question whether the forum defendant rule was procedural and thus, waivable; instead, it raised the issue sua sponte "since it relates to our jurisdiction."  Id. at *3.  The court then proceeded to determine whether the exception announced in Grubbs should apply so that it could hear the appeal.  In Grubbs, a creditor filed suit in a Texas state court seeking recovery upon a promissory note.  Grubbs, 405 U.S. at 700.  Various parties, including the United States, had previously obtained judgment liens against the alleged debtor, Grubbs.  Id. at 700-701.  Grubbs filed a cross-action interpleading these judgment lien holders and asking the trial court to determine the priority of the

liens.  Id.  Upon being named as a party, the United States removed the action to a federal court in

Texas pursuant to 28 U.S.C. § 1444.  Id. at 701.  The entire action was tried before the federal

district court and none of the parties ever claimed that removal was improper.  Id.  Judgment was

eventually entered in favor of Grubbs.  Id. at 701-702.  On appeal, the Fifth Circuit Court of Appeals

held that the district court lacked jurisdiction because there was no basis upon which the United

States could be interplead.  Id. at 702.  Since the United States was not a proper party to the action,

§ 1444 was not a proper basis for removal and therefore the trial court lacked jurisdiction to hear the

case.  Id.  The Supreme Court reversed and held that "where after removal a case is tried on the

merits without objection and the federal court enters judgment, the issue in subsequent proceedings

on appeal is not whether the case was properly removed, but whether the federal district court would

have had original jurisdiction of the case had it been filed in that court."  Id.  The Court found that

if the case had been originally filed in federal court, jurisdiction would have been appropriate under

the diversity of citizenship statute.  Id. at 704.  Based upon this finding and the lack of objection by

any party to removal, the Fifth Circuit had jurisdiction to hear the merits of the appeal.  Id. at 705-

706.

    This Court is not alone in questioning the position of the Sixth Circuit on this issue.

Recently, citing to Thompson v. Karr, a district court within this circuit held that the forum

defendant rule is jurisdictional.  See Johnston v. Panther II Transp., No. 1:07-cv-1264, 2007 WL

2625262 (N.D. Ohio Sept. 6, 2007).  In Thompson, the Sixth Circuit implicitly, if not explicitly, held

that the forum defendant rule is jurisdictional.  If the forum defendant rule was merely a procedural

rule that could be waived, there would be no reason for the Sixth Circuit to raise the issue sua sponte

and no reason for the Court to decide if the Grubbs exception allowed it to have jurisdiction over

4

the appeal.

However, just two weeks ago, the case of <u>RFF Family P'ship v. Wasserman</u>, No. 08-3348, 2009 WL 596107 (6th Cir. Mar. 10, 2009), was decided.  In that case, the district court raised the forum defendant rule sua sponte and remanded the case to state court.  <u>Id.</u> at *1.  The decision was appealed by the defendant/appellant.  <u>Id.</u>  The issue on appeal was whether the district court erred in raising the defective removal on its own motion when a timely motion to remand had not been filed.  <u>Id.</u>  While the appeal was pending, the plaintiff/appellee filed a motion to dismiss the appeal for lack of jurisdiction.  <u>Id.</u>  The motion was assigned to a motions panel.  The motions panel denied the motion to dismiss stating that 28 U.S.C. § 1447(d) does not bar an appeal of an order remanding an action on the basis of a procedural defect that was not timely raised in a motion to remand.  <u>Id.</u> Instead of letting the original panel decide whether the forum defendant rule was procedural or jurisdictional, the motions panel, citing to a footnote in  <u>Plastic Moldings Corp. v. Park Sherman Co.</u>, 606 F.2d 117 (6th Cir. 1979), decided that the forum defendant provision is a procedural requirement which is waived if not raised by a timely motion to remand.  <u>Id.</u> (citing <u>Plastic Moldings</u>, 606 F.2d at 119 n.1)  In essence then, the motions panel decided the merits of the appeal. When called upon to decide the issue on appeal, the original panel, noting the action of the motions panel, decided there was nothing left for them to do.  In order to be consistent with the decision of the motions panel and "in the absence of any specific challenge" to that decision, they reversed the decision of the district court.  Obviously, the defendants herein would read <u>Wasserman</u> as definitive. However, <u>Wasserman</u> does not strike the undersigned as a resounding affirmation by the original panel of the correctness of the decision by the motions panel.  <u>Wasserman</u> reads more as if the original panel felt their hands were tied.  The motions panel did not engage in a detailed analysis of

5

this issue, nor was there any mention of <u>Thompson v. Karr</u>.  In this Court's opinion, there is a legitimate question in this Circuit as to whether the forum defendant rule is procedural or jurisdictional, and the matter should be decided in a published opinion.

Here, the Court must decide if it is going to rely upon a footnote in <u>Plastic Moldings</u>, the eighty-five year old case of <u>Handley-Mack</u>, and the less than definitive holding of the unpublished decision of <u>Wasserman</u>, or the unpublished decision of <u>Thompson v. Karr</u>.  None of these choices are very good.  In <u>Plastic Moldings</u>, as in <u>Grubbs</u>, the district court after a bench trial entered a final judgment on the merits.  <u>Plastic Moldings</u>, 606 F.2d at 119.  On appeal, the Sixth Circuit found that it had jurisdiction to hear the merits of the appeal because the case was within the Court's original jurisdiction and the parties did not raise an objection to removal prior to the entry of the final judgment.  <u>Id.</u>  The Sixth Circuit was merely applying the <u>Grubbs</u> exception to the facts of the case before it.  Likewise, in <u>Handley-Mack</u>, the defendant, who was a citizen of the forum state, improperly removed the action to federal court.  <u>Handley-Mack</u>, 2 F.2d at 435-436.  The case proceeded to trial and a final judgment on the merits was entered by the trial court.  <u>Id.</u> at 436.  The Court held that "where, as here, although the case was not technically removable under the statute, the court yet had jurisdiction over the subject-matter of the controversy, and the parties had fully consented to the federal jurisdiction and acted thereunder."  <u>Id.</u> at 437 (citations omitted).  As noted by the Sixth Circuit in <u>Chivas Prods. Ltd. v. Owen</u>, 864 F.2d 1280 (6th Cir. 1988) <u>overruled on other grounds by Tafflin v. Levitt</u>, 493 U.S. 455 (1990), <u>Handley-Mack</u> appears to be an early application of the rule later handed down by the Supreme Court in <u>Grubbs</u>.  <u>Chivas</u>, 864 F.2d at 1286.  Because the matter proceeded to a final judgment after a trial on the merits, the Court had jurisdiction to hear the appeal.

6

The rationale used by the majority of circuits in holding the forum defendant rule to be procedural is not without logic. This case could have been brought here in the first instance if the plaintiff had chosen to do so. Once removed, if the plaintiff had chosen to do so, it could have caused a remand. The view that the forum defendant rule is procedural gives full effect to the plaintiff's choice of forum. However, both original and removal jurisdiction of the lower federal courts is a creature of statute and the text of the removal statute supports a finding that the forum defendant rule is jurisdictional. Section 1446 imposes various waivable procedural requirements. For example, the Sixth Circuit has found that the 30 day removal limitations period in § 1446(b) is procedural and therefore waivable. Page, 45 F.3d at 131-132. Section 1441(b), however, explicitly states that the type of action pending before this Court is not removable. When interpreting statutory language, "statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction." Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999). Any ambiguity in the removal statutes "should be resolved in favor of remand to the state courts." Id.

The Court has two choices here and the guidance from the Circuit is not clear. It could keep this case and decide it on the merits. If an appeal is taken, there is a possibility that a panel would question subject matter jurisdiction, as in Thompson v. Karr. If so, the panel would then decide if the Grubbs exception applied so as to allow the panel to have jurisdiction over the appeal. Whether the Grubbs exception applies will depend on the facts and the policy considerations supporting the exception. If there is a trial in this case, surely the Grubbs exception would apply. However, if this case is decided on summary judgment or at some earlier stage, will the panel find the exception applicable?

7

In <u>Chivas</u>, a case improperly removed due to a lack of derivative jurisdiction, the trial court disposed of the matter on a motion to dismiss.  <u>Chivas</u>, 864 F.2d at 1286.  Based upon the now defunct doctrine of derivative jurisdiction, a federal court in a removal action only had jurisdiction as to matters over which the state court had jurisdiction.  <u>Id.</u>  Neither party brought the jurisdictional defect to the attention of the trial court.  On appeal, the Sixth Circuit first discussed the <u>Grubbs</u> exception:

> In <u>Grubbs v. General Electric Credit Corp.</u>, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972), the Court held that when a case is improperly removed but is tried to judgment on the merits without objection, *a party waives his right to later raise the issue of lack of subject-matter jurisdiction* at the time of removal.

<u>Id.</u> (emphasis added).  In <u>Chivas</u>, the Court held that the <u>Grubbs</u> exception did not apply because the matter had not been tried "on the merits."  <u>Id.</u>  Furthermore, "the District Court dismissed it under F. R. Civ. P. 12(b)(6) at an early stage, when little or no discovery had been done."  <u>Id.</u>  Therefore, it was "not appropriate to extend the <u>Grubbs</u> exception so far as to include a case like this, when dismissal has come so early in the pleadings stage that there has been minimal investment of the parties' time in discovery or of the court's time in judicial proceedings or deliberations."  <u>Id.</u> at 1287.

Later however, in <u>Morda v. Klein</u>, 865 F.2d 782 (6th Cir. 1989), the Sixth Circuit held that the <u>Grubbs</u> exception applied, even if removal was improper, if the trial court disposed of the matter at summary judgment without objection.  <u>Morda</u>, 865 F.2d at 784.  In <u>Morda</u>, removal of a RICO action was improper because the state court in which the matter originated lacked subject matter jurisdiction to hear the case.  <u>Id.</u> at 783.  In determining whether the <u>Grubbs</u> exception should apply, the Sixth Circuit first found that the federal court would have had original jurisdiction if the matter had been initially filed in federal court.  Furthermore, the Sixth Circuit found that the policy

8

underlying Grubbs was just as applicable at the summary judgment stage as when judgment is entered after a trial on the merits.  Therefore, the Grubbs exception applied and the Court had jurisdiction to hear the appeal.  Id. at 784.

Although the Sixth Circuit applied the Grubbs exception in Thompson v. Karr, it recognized that there may be times when the policy underlying Grubbs does not apply even to matters resolved by the trial court on summary judgment.  Thompson, 1999 WL 519297 at *4 (citing Fed. Nat'l Mortgage Ass'n v. LeCrone, 868 F.2d 190 (6th Cir. 1989).  In LeCrone, the Sixth Circuit discussed the policy underlying the Grubbs exception.  The Grubbs exception "ensures that substantial judicial resources already expended in reaching a judgment will not be needlessly wasted if the case could have been brought in the federal court in the first instance." LeCrone, 868 F.2d at 194.  The Grubbs exception also "discourage[s] jurisdictional sandbagging."  Id.  The Court did not find that those policy reasons justified exercising jurisdiction over the appeal in LeCrone.  There, unlike Morda, a party brought the improper removal to the attention of the trial court.  Id.  Furthermore, unlike Morda, summary judgment was not entered after a three week trial, but only after briefs had been submitted on the issue.  Id.  In finding that the Grubbs exception did not apply, the Sixth Circuit vacated the judgment of the trial court and remanded the matter "with instructions to dismiss the case *for want of subject matter jurisdiction*."  Id. (emphasis added).

If the Court does not remand this matter, there is no assurance that an appellate panel which raises the question of jurisdiction will apply the Grubbs exception.  And if they do not, a great deal of time, effort and money will be wasted.  The other choice is to remand the case.  The only disadvantage to that choice is if the defendants appeal the remand.  For the Court's part, it would welcome an appeal.  This is a question that needs resolution.  But the Court is sensitive to the fact

that a remand may trigger an appeal which will cause further delay for the plaintiff.  Weighing all these factors, the Court is of the opinion that the better approach is to remand the case to state court.  An appeal may not result.  And if it does, depending on the panel, the appeal might not take very long.  Regardless, the time, effort, and expense at risk with a remand pales in comparison to that which is at risk if this case is resolved here and an appellate panel finds that there was no jurisdiction.  Therefore, the Court finds that the forum defendant rule is jurisdictional and that it has an obligation to raise the removal defect sua sponte.  Since this case is in its infancy, there is no reason to apply the Grubbs exception so as to allow the Court to exercise jurisdiction over it.  The Court will therefore remand this case to state court.

### III.  AMENDED NOTICE OF REMOVAL

Alternatively, the defendant, Thomas Osborne, requests that he be permitted to amend his notice of removal to raise a federal question.  Specifically, Mr. Osborne asserts that "Regions Bank was not a qualified student loan lender under federal law . . . ." [DN 22 at 1].  The defendant's request is simply without merit.  "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'  Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . ."  Vaden v. Discover Bank, — U.S. —, — S.Ct. —, 2009 WL 578636, at *6 (Mar. 9, 2009) (internal citation omitted) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).  Therefore, Mr. Osborne's motion for leave to file an amended notice of removal will be denied.

10

## IV.  CONCLUSION

For the foregoing reasons **IT IS HEREBY ORDERED** that this action be **REMANDED** to the McCracken County Circuit Court upon the Court's own motion.  **IT IS FURTHER ORDERED** that the motion by the defendant, Thomas L. Osborne, to amend his notice of removal [DN 23] is **DENIED**.

cc:     Counsel of Record
        McCracken County Circuit Court

11